UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RAHMAT LEGHARI,

        Plaintiff,

v.                                                                      CAUSE NO.: 1:19-CV-00360-HAB

ROBERT WILKIE,
Secretary of Veterans Affairs,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's "Motion to Dismiss for Insufficient Service and [t]o Deny Plaintiffs Application for Default Judgment." (ECF No. 8). Also before the Court is Plaintiff's Application for Entry of Default Judgment (ECF No. 5). For the following reasons, both motions will be DENIED.  The Clerk will prepare and issue to Plaintiff new summonses and the Plaintiff will have 21 days thereafter to serve them on the proper Government agencies.

## DISCUSSION

On August 15, 2019, Plaintiff filed his *pro se* complaint alleging age discrimination during his employment with the United States Department of Veterans Affairs. (ECF No. 1). On the same date a single summons was issued as to Robert Wilkie, the Secretary of Veterans Affairs. (ECF No. 2). On September 4, 2019, Plaintiff provided the Clerk with a certified mail return receipt showing service on Robert Wilkie.

No further action was taken on the case until March 9, 2020, when the Court entered a Notice and Order pursuant to N.D. Ind. L.R. 41-1 directing the Plaintiff to show good cause for

failing to further prosecute his claim. (ECF No. 4). Subsequently, Plaintiff filed a response with the Court indicating his erroneous belief that the Court would *sua sponte* issue a default judgment if the defendant did not respond to his complaint. In that response, however, he specifically requested the Court to enter a default judgment against the Government. (ECF Nos. 5, 6: "[I] hereby request the UNITED STATES DISTRICT COURT to issue a judgment by default against the defendant."). The Government now moves to dismiss the action for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Additionally, it requests this court to deny the Plaintiff's default judgment request. Plaintiff did not respond to this motion.

"To withstand a 12(b)(5) motion, the plaintiff bears the burden of proving the validity of service." *Auld v. Ripco, Ltd.*, No. 3:16-cv-00063-RLY-MPB, 2016 WL 3615715, at *2 (S.D. Ind. July 6, 2016) (citing *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011)). Likewise, the plaintiff bears the burden of ensuring service of the summons and complaint within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c). In support of its Motion, the Government argues that while Plaintiff served Robert Wilkie, he failed to comply with Fed.R.Civ.P. 4(i) which requires service of a copy of the Summons and Complaint on the United States Attorney for the Northern District of Indiana and the United States Attorney General within ninety (90) days of their filing date. (Gov't Br. at 2 (citing Fed. R. Civ. P. 4(i), 4(m)).) Since Plaintiff did not comply with the service rules, the Government advocates for dismissal of the action as authorized by Fed.R.Civ.P. 12(b)(5).

Federal Rule of Civil Procedure 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time

for service for an appropriate period." A district court is only required to grant an extension of time if the plaintiff can establish good cause for failure to timely serve a defendant. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

Here, Plaintiff has not responded to the Government's motion to dismiss, requested additional time to perfect service on the United States, or otherwise explained his failure to properly serve the United States under Fed.R.Civ.P. 4(i). In short, Plaintiff has not shown good cause for his failure to properly serve the United States.

However, that is not the end of the inquiry, for even if a court determines that good cause for plaintiff's failure has not been shown "a district court must still consider whether a permissive extension of time is warranted." under the facts of the particular case. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). The choice, when good cause has not been shown, is "between dismissing the suit and giving the plaintiff more time." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). When making this determination, the court considers a number of factors to balance the hardships to both parties. *Coleman*, 290 F.3d at 934 (considering the actual harm to the defendant's ability to defend and the effect of dismissal in light of an expired statute of limitations); *Panaras*, 94 F.3d at 341; *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). !

There is no evidence that the Government evaded service or that it concealed a defect in attempted service. Nor has the Government made any assertion of prejudice to it if the Court grants

a permissive extension.  However, the harm to Plaintiff in dismissing the case is great.  A federal discrimination claim must be filed within ninety days after receipt of a right to sue letter. Plaintiff filed this action within that time period but, as noted, failed to make service within ninety days under Rule 4(m), causing the limitations period to begin running again and making the action now untimely. In view of Plaintiff's pro se status, this limitations issue, and no assertion by the Government of any prejudice, the court will order the Clerk to issue new summonses to Plaintiff and will order Plaintiff to serve the summonses, along with a copy of the Complaint in accordance with Fed.R.Civ.P. 4(i)(1) within twenty-one days thereafter. The Government's Motion to Dismiss is DENIED.

Likewise, because Plaintiff has not properly perfected service, this Court lacks personal jurisdiction over the Defendant presently to enter a default judgment. His application for Entry of Default Judgment is DENIED.

## CONCLUSION

For the foregoing reasons, the court **DENIES** both the Government's Motion to Dismiss (ECF No. 8) and the Plaintiff's Application for Entry of Default Judgment (ECF No. 5). The CLERK is DIRECTED to prepare and issue new summonses to Plaintiff. Plaintiff shall have 21 days to serve the summonses on the Government agencies consistent with Fed.R.Civ.P. 4(i)(1).

SO ORDERED on May 12, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE